UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA L. CHAPMAN,

    Plaintiff,

v.                                                 Case No. 1:23-cv-941

COMMISSIONER OF SOCIAL             Hon. RAY KENT
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her applications for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for benefits on November 19, 2020, alleging a disability onset date of April 14, 2020. PageID.44. Plaintiff identified her disabling conditions as seizures, epilepsy, sleep apnea, and migraines. PageID.291. Prior to applying for benefits, plaintiff completed the 11th grade and had past employment as a cashier-checker. PageID.55, 72. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on September 27, 2022. PageID.44-57. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.  LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla.  It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in in substantial gainful activity since the alleged onset date of April 14, 2020, and met the insured requirements of the Social Security Act through March 31, 2022. PageID.47. At the second step, the ALJ found that plaintiff had severe impairments of tarsal tunnel syndrome, obesity, epilepsy, and migraine headaches. PageID.47. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.49.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Furthermore, the claimant can only occasionally climb ramps and stairs, and she can never climb ladders, ropes, or scaffolds. The claimant can also have no concentrated exposure to extreme cold or extreme heat, and no exposure to unprotected heights or the operation of dangerous moving machinery. Additionally, the claimant cannot perform jobs requiring commercial driving or swimming.

PageID.50. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.55.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the sedentary work exertional level. PageID.56-57.

4

Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as telephone quotation clerk (250,000 jobs), order clerk (24,000 jobs), and sorter (10,000 jobs). *Id*. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from April 14, 2020 (the alleged onset date) through September 27, 2022 (the date of the decision). PageID.57.

### III. DISCUSSION

Plaintiff has raised one error on appeal.

**The decision is fatally defective because no findings were based upon a preponderance of the evidence per regulation 20 C.F.R. 404.953 (SSI Counterpart 20 C.F.R. 416 1453).**

The regulations require an ALJ's written decision to be based on the preponderance of the evidence:

> The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record.

20 C.F.R. §§ 404.953(a), 416.1453(a). Under the regulations, "preponderance of the evidence" is defined as "such relevant evidence that as a whole shows that the existence of the fact to be proven is more likely than not." 20 C.F.R. §§ 404.901, 416.1401. As the Sixth Circuit explained,

> [T]he question before the ALJ is whether a preponderance of the evidence supports a decision to award benefits under the five-step inquiry, 20 C.F.R. § 404.953(a), and on review whether substantial evidence supports that finding, 42 U.S.C. § 405(g).

*Earley v. Commissioner of Social Security*, 893 F.3d 929, 932 (6th Cir. 2018).

Here, plaintiff contends that,

> There are no proper findings in the decision because not one of them expressly states that the finding is based upon a preponderance of the evidence. The ALJ must declare that the evidence preponderates and the ALJ must provide analysis as to how the evidence preponderates in favor of each finding made. If a

5

> proper finding has been made, then it can be subjected to the substantial evidence standard of review. If an improper, incomplete, or defective finding is made, then the focus on review is whether the finding satisfies the proper legal standards i.e., whether the ALJ correctly applied or followed the law.

Plaintiff's Brief (ECF No. 14, PageID.703-704).

Plaintiff does not cite any regulation which requires the ALJ to "declare that the evidence preponderates" or requires the ALJ to "provide analysis as to how the evidence preponderates in favor of each finding made." On the contrary, "[n]o law or regulation requires that the ALJ expressly state that its decision was based on the preponderance of the evidence." *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 n. 2 (7th Cir. 2023). Accordingly, plaintiff's claim of error is denied.

As discussed, this Court's review of the ALJ's decision is focused on determining whether the ALJ's findings are supported by substantial evidence. *See Earley*, 893 F.3d at 932; 42 U.S.C. § 405(g) (on judicial review "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Here, ALJ followed the five-step sequential evaluation process and found that plaintiff was not disabled from April 14, 2020, through September 27, 2022. PageID.47-57. The ALJ's findings are supported by substantial evidence. *Id*. Accordingly, the decision will be affirmed.

### IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated: October 25, 2024                             /s/ Ray Kent
                                                                    RAY KENT
                                                                    United States Magistrate Judge